IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 18-189 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| MARK STANFORD, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Mark Stanford's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 75, as amended in Doc. 77) and Motion to Amend Judgment (Doc. 131) are all DENIED for the reasons stated by the Government's related briefs (Docs. 89, 130 & 133), which are incorporated by reference herein.

In his § 2255 petition, Stanford asserts that his original defense counsel, Stanton D. Levenson, was ineffective for three reasons. Doc. 77 at ECF banner pp. 7-12. First, despite sworn attestations to the contrary, Petitioner maintains that his guilty plea was not voluntary. *Id*. at pp. 7-9. Second, Petitioner maintains that his attorney failed to litigate the loss amount at issue underlying the guilty plea. *Id*. at pp. 9-11. Lastly, Petitioner claims that counsel was ineffective because he failed to put forward "viable defenses" regarding the nature of the charges that resulted in the entry of a guilty plea. *Id*. at pp. 11-12. The Court will consider each of these allegations in turn.

Petitioner claims that his guilty plea was not knowingly or voluntarily made because Levenson "leveled a threat" to "withdraw his appearance," leaving Stanford without a lawyer in the middle of his Sentencing Hearing. Doc. 77 at ECF banner pp. 7-9. Petitioner's allegation

relates to when the Court inquired into Petitioner's competency during his Sentencing Hearing and, as a result, provided him the opportunity to confer with Levenson as to whether his plea was knowing and voluntary.  *See* Sentencing Tr. (Doc. 77-1) at 41:7-42:15.  Petitioner submits two affidavits from his spouse, Doc. 77-2, and his psychotherapist, James Saylor, Doc. 77-3, to evidence Levenson's alleged threat to withdraw as counsel, *see* Doc. 77 at ECF banner pp. 7-9.  Yet Stanford's spouse points out that Stanford ultimately "decided to go with the advice of his attorney" despite being "very torn."  Doc. 77-2.  Moreover, as the government highlights, the parties returned to the courtroom where Levenson, in the presence of Stanford, reaffirmed that Stanford wanted to continue with his guilty plea.  Doc. 77-1 at 42:20-24.  Stanford also testified at his Change of Plea hearing  that he "understood all the contents of the plea agreement," Change of Plea Tr. (Doc. 77-4) at pp. 11:13-17:16, that he willfully signed the plea agreement, *id*., and that he was not threatened into signing it, *id*. at pp. 19:23-20:1.  Further, even if Petitioner could prove that his guilty plea was not voluntary, Petitioner failed to show how Levenson's alleged threat to withdraw as counsel was prejudicial.  *See* Doc. 77 at ECF banner p. 9 (stating in a conclusory manner that he was prejudiced).  Indeed, the worst-case scenario would seem to have been that Stanford would be represented by another lawyer.  Therefore, Stanford failed to establish that his counsel was ineffective.

      Petitioner further claims that Levenson was ineffective because he failed to litigate the loss amount issue by failing to "voice[] opposition to the $245,549 in loss amount associated with Stanford's personal income tax returns" given that his "personal tax returns overstated Stanford's personal income."  Doc. 77 at ECF banner p. 10.  Stanford argues "the prejudice is obvious" because this discrepancy caused the "Court to use[] an offense level of 18 in

sentencing," rather than an offense level of 16.[1]  *Id*.  As the government highlights, Levenson, at the direction of Stanford, consulted tax attorney Louis Prosperi who concurred that this defense was not viable.  *See* Section 2255 Hearing Tr. (Doc. 123) at pp. 96:21-97:25.  The Court also made clear that Stanford's 24-month sentence was "based on all the facts and circumstances in the record" not just "[Stanford's] conten[tion] there was another amount in controversy."[2]  *Id*. at p. 4:1-18.  As a result, Stanford failed to prove Levenson's alleged failure to litigate the loss amount was error or so objectively unreasonable to be constitutionally deficient and such failure prejudiced Stanford.

Petitioner claims that counsel was ineffective because he failed to put forward "viable defenses" by failing to rebut Stanford's tax evasion charge with Stanford's ADHD diagnosis and by failing to pursue a lesser included offense.  *See* Doc. 77 at ECF banner pp. 11-13.  For the reasons stated by the government, Stanford's arguments fail.  Levenson made clear at the Section 2255 Hearing that he did not pursue this defense because Saylor would not opine on this issue despite Levenson's attempt.  Doc. 123 at 93:17-94:12.  Moreover, Levenson also testified that given the government's evidence that rather than paying his taxes, Stanford purchased a "Bentley

---

[1] Specifically, Stanford argues that he hired an accounting firm to review Stanford's business finances and concluded that "[b]ecause the business was a pass-through entity, the accounting firm's scope also included Stanford's personal tax return," causing Stanford's personal income to be allegedly overstated.  Doc. 77 at ECF banner pp. 9-11.  Stanford further argues that "the loss amount reflected in the Pre-Sentence Report of $339,843" represents "$245,549 connected to personal income tax and $94,276 for employer-related taxes."  *Id*. at ECF banner p. 10.  According to Stanford, if the Court were to use "an accurate income figure," that figure would have dropped Count 1 to less than $155,000, making the ultimate assigned offense level 16.  *Id*.

[2] "[It d]oesn't matter to [the Court] whether you contend there was another amount in controversy.  The guideline range was not what forced my decision.  My decision was based on all the facts and circumstances in the record, and so given the fact that there's overlap between those two guideline ranges to begin with, 24 months is what I felt was necessary in the case . . .."  Doc. 123 at p. 4:1-18.

3

convertible, the expensive home, the Mercedes . . . appear[ing] to be living well" while also having a "prior criminal conviction for bank fraud," Levenson counseled with Stanford that it was "not an appropriate strategy" to pursue a lesser included offense. Doc. 123 at 91:14-93:14. The record indicates Stanford failed to prove Levenson's decision was error or so objectively unreasonable to be constitutionally deficient and such failure prejudiced Stanford.

Finally, Stanford's Motion to Amend Judgment (Doc. 131) is denied because this Court does not amend a judgment to indicate that it has been satisfied.

For these reasons, Stanford's Motions (Docs. 75, as amended in Doc. 77, & 131) are **DENIED**. No certificate of appealability will issue because jurists of reason would not find the Court's conclusions debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

November 9, 2023                                   s/Cathy Bissoon
                                                   Cathy Bissoon
                                                   United States District Judge

cc (via ECF email notification):
All Counsel of Record and
Defendant Mark Stanford